**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SONNI NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br>d/b/a CHIPOTLE MEXICAN GRILL,<br><br>Defendant. | CASE NO. |

**NOTICE OF REMOVAL**

COMES NOW Defendant Chipotle Mexican Grill, Inc. d/b/a Chipotle Mexican Grill ("Chipotle")[1] by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the above-styled action, originally filed in the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C. 1446(a).[2]

**I.     NATURE OF THE ACTION**

1.     On or about January 22, 2026, Plaintiff Sonni Nelson filed a civil action in the Court of Common Pleas of Delaware County, Pennsylvania, styled *Sonni Nelson v. Chipotle Mexican Grill, Inc., d/b/a Chipotle Mexican Grill*, No. CV-2026-000600 (the "State Court Action"). A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

---

[1] Chipotle Mexican Grill, Inc. is not the proper party to this lawsuit, as it did not employ Plaintiff; only Chipotle Services, LLC employed Plaintiff.

[2] Chipotle appears here in the exercise of its rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

2.      Plaintiff's Complaint asserts a claim for wrongful discharge in violation of Pennsylvania common law. (Ex. A, Complaint ¶¶ 26–28.)

3.      Chipotle hereby removes this action, invoking the Court's diversity jurisdiction and proper venue in this judicial district, as set forth more fully below.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

4.      Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(b) because this Court has original jurisdiction over this civil action where there is complete diversity of citizenship between the actual parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     The Parties are Completely Diverse.

5.      Upon information and belief, Plaintiff resided in the Commonwealth of Pennsylvania at the time she filed the State Court Action and has remained so through the filing of this Notice. (Ex. A, Complaint ¶ 3 (alleging Plaintiff resides in Collingdale, Pennsylvania).)

6.      Defendant Chipotle Mexican Grill, Inc. is of the sole member of Chipotle Services, LLC that employs restaurant workers nationwide[3]. Chipotle Mexican Grill, Inc. is incorporated under the laws of the State of Delaware and has its principal business in the State of California (more specifically, 610 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660). Therefore, Chipotle Mexican Grill, Inc. and Chipotle Services, LLC are citizens of the States of Delaware and California for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

---

[3] For purposes of diversity jurisdiction, citizenship of a limited liability company "is determined by the citizenship of its members." *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013).

7.      Accordingly, there is complete diversity of citizenship between the actual and proper parties to this action, specifically, between Plaintiff and Defendant Chipotle Mexican Grill, Inc., including the proper employer in this action, Chipotle Services, LLC, under 28 U.S.C. § 1332(a)(1).

**B.      The Amount in Controversy Exceeds $75,000.**

8.      As established in 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If so required, the district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "'only when the plaintiff contests, or the court questions, the defendant's allegation.'" *Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 137 (3d Cir. 2024) (quoting *Dart Cherokee Basin Operating Co., LLC,* 81, 89).

9.      Chipotle denies that Plaintiff states any viable claim and further denies that Plaintiff has suffered any harm or damages or is entitled to any relief.[4] Nevertheless, the allegations in the Complaint and the nature of Plaintiff's claims are such that Chipotle reasonably and in good faith avers that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.      First, although Plaintiff does not specify the exact, minimum, or maximum monetary judgment she seeks to recover, she alleges that she seeks back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority; damages for pain, suffering, and humiliation; and punitive damages "as permitted by applicable

---

[4] All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Chipotle with regard to the claims of liability or for damages or other relief asserted by Plaintiff. To the contrary, Chipotle denies all such claims and expressly reserves its right to respond to the Complaint and to assert all defenses available to it in this action.

law." (Ex. A, Complaint at 7.) Plaintiff also seeks that Defendant "be subjected to any and all penalties allowed by state law," as well as "other equitable and legal relief," costs, and expenses. (Ex. A, Complaint at 6, 7.)

11.    In pursuit of this relief, Plaintiff asserts a claim for wrongful discharge under Pennsylvania common law. (Ex. A, Complaint ¶¶ 26–28.) Plaintiff also contends that Defendant's alleged wrongful conduct has caused her pain, suffering, and humiliation. (Ex. A, Complaint, at 7.)

12.    Under Pennsylvania common law, a plaintiff pursuing a wrongful discharge claim can recover actual or compensatory damages and emotional distress damages. *Carlini v. Glenn O. Hawbaker, Inc.,* 2019 PA Super 282, 219 A.3d 629, 645 (2019). In addition to these damages, a plaintiff may also pursue punitive damages. *Difiore v. CSL Behring, U.S., LLC*, No. CIV.A. 13-05027, 2014 WL 4632324, at *4 (E.D. Pa. Sept. 17, 2014).

13.    When determining whether the jurisdictional amount has been satisfied, courts must properly consider actual damages, punitive damages (when both actual and punitive are recoverable), and potential attorney's fees. *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013).

14.    As a preliminary matter, Plaintiff's Civil Cover Sheet acknowledges that the "dollar amount requested" is outside of arbitration limits. In the Court of Common Pleas in Delaware County, Pennsylvania, the limit for compulsory arbitration, or the aggregate amount in controversy for which arbitration is required, is $50,000. The $50,000 limit for compulsory arbitration is set by statute and has been held to be jurisdictional. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 7361; *Punzak v. Allstate Ins. Co.*, No. CIV A 07-1052, 2007 WL 1166087, at *3 (E.D. Pa. Apr. 16, 2007).

- 4 -

15.    With this in mind, Plaintiff alleges an initial hourly rate of $17.50 with an expectation of working more than 40 hours per week. When this is combined with the acknowledgement in her Civil Cover Sheet and her claims for significant backpay, potential front pay, lost benefits, punitive damages, emotional distress damages, and other equitable and legal relief, it is clear the amount in controversy likely exceeds $75,000. Furthermore, anticipated attorney's fees and costs through trial, which the Court can consider, further bolster the argument for meeting the amount in controversy threshold for removal.

16.    Second, juries in Pennsylvania federal courts have returned six-figure verdicts in cases involving wrongful discharge. *See Venturella v. Allegheny County,* JVR No. 802818, 2001 WL 1808514 (W.D. Pa. Apr. 1, 2001) (where a jury assessed a $184,000 verdict for a wrongful discharge and retaliation claim in violation of state laws); *see also Oakes v. Performance Management Group of West Chester*, JVR No. 806650, 2005 WL 4131164 (W.D. Pa. Sept. 1, 2005) (where a jury assessed a $650,550 verdict for a wrongful discharge claim in violation of state law).

17.    Therefore, by a preponderance of the evidence, the total potential recovery sought by Plaintiff in the Complaint and available for her claims under Pennsylvania common law exceeds $75,000, and as such, the requisite amount in controversy under 28 U.S.C. § 1332(a) is established.

## III.    <u>VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

18.    Under 28 U.S.C. §§ 1441(a) and 1446(a), a case may be removed to the "district court of the United States for the district and division embracing the place where such action is pending." Plaintiff brought this action in the Court of Common Pleas of Delaware County,

Pennsylvania. Delaware County, Pennsylvania is within the jurisdictional boundaries of the United States District Court for the Eastern District of Pennsylvania.

19.    Moreover, under 28 U.S.C. § 1391, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff's Complaint alleges "all actions underlying this lawsuit occurred within Delaware County" at one Chipotle's restaurants. (Ex. A, Complaint ¶ 5.)

20.    Therefore, removal to and venue in this Court is proper.

**IV.    <u>REMOVAL IS PROCEDURALLY PROPER</u>**

21.    This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on January 22, 2025, and purportedly served on January 26, 2026, by certified mail. (Ex. A, Notice of Service of Process.) Because removal is made within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

22.    The United States District Court for the Eastern District of Pennsylvania encompasses the place where this action was originally filed. *See* 28 U.S.C. § 1446(a).

23.    Pursuant to 28 U.S.C. § 1446(a), Plaintiff's Complaint and Summons filed in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

24.    Plaintiff's Certificate of Service filed in the State Court Action is attached hereto as **Exhibit B**. These are the only pleadings filed in the State Court Action to date.

25.    Copies of all pleadings from the State Court Action are attached hereto.

26.    Copies of all other records and proceedings from the State Court Action, if any, are also attached hereto as **Exhibit C**.

27.    Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff

pursuant to 28 U.S.C. § 1446(a) and (d). Attached hereto as **Exhibit D** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits.

28.    A completed Civil Cover Sheet is attached hereto.

29.    Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## V.    <u>NON-WAIVER OF DEFENSES</u>

30.    By filing this Notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Complaint.

## VI.    <u>REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED</u>

31.    As the party requesting removal, Chipotle's Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart*, 574 U.S. at 87 (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to the matters of pleading.'" *Id.* Chipotle Mexican Grill, Inc. has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type evidence.

32.    In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Chipotle reserves all rights to submit such additional arguments and/or evidence in support of removal as may be necessary or appropriate, including additional competent evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, on the grounds stated above, this action is removed to and should proceed in the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: February 19, 2026

*Margaret King*

Margaret King, Esq.
PA ID. 329503
Eckert Seamans Cherin & Mellott, LLC
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
mking@eckertseamans.com
Telephone: (215) 851-8462

**MARTENSON, HASBROUCK & SIMON LLP**
Betsy Bulat, Esq.
Pro Hac Vice Application Forthcoming
2573 Apple Valley Road NE
Atlanta, Georgia 30319
bbulat@martensonlaw.com
404-909-8108

Maya S. Marshall, Esq.
Pro Hac Vice Application Forthcoming
2911 Turtle Creek Blvd., Suite 1280
Dallas, TX 75219
mmarshall@martensonlaw.com
(972) 497-2952

*Counsel for Defendant Chipotle Mexican Grill*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, the foregoing **NOTICE OF REMOVAL** has

been sent by email to Plaintiff's counsel as follows:

Ari R. Karpf, Esq.
Karpf, Karpf, & Cerutti P.C.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801

*Margaret King*

Margaret King, Esq.
PA ID. 329503
Eckert Seamans Cherin & Mellott, LLC
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
mking@eckertseamans.com
Telephone: (215) 851-8462

- 9 -